**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>GEORGE ALLEN WEISS,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-16349-RAM |
| GEORGE ALLEN WEISS,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS LLC,<br><br>Defendants. | Adv. Proc. No. 25-01260-RAM |

**JEFFERIES STRATEGIC INVESTMENTS, LLC AND LEUCADIA ASSET MANAGEMENT HOLDINGS LLC'S MEMORANDUM OF LAW IN OPPOSITION TO GEORGE ALLEN WEISS'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN DEPOSITIONS OF GEORGE ALLEN WEISS AND RACHEL FLAX AND IN SUPPORT OF THEIR CROSS-MOTION FOR SANCTIONS**

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ............................... 3

ARGUMENT ........................................................................ 6

I. Weiss Has Not Demonstrated Good Cause Warranting Entry of a Protective Order ........................................ 6

A. There Is No Good Cause to Delay Weiss Deposition ........................... 6

B. There Is No Good Cause to Delay Flax's Deposition ........................... 8

II. The Jefferies Entities' Cross-Motion for Sanctions Should Be Granted Because Weiss Filed This Motion to Evade His Deposition Obligation ............ 10

CONCLUSION ........................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chavez v. Arancedo*,
2017 WL 3025841 (S.D. Fla. July 17, 2017) ................................................ 8

*Cornelius v. Eberstein & Witherite, LLP*,
2014 WL 4661977 (N.D. Tex. Sept. 19, 2014) ........................................... 7

*Est. of Manship v. United States*,
240 F.R.D. 700 (N.D. Ga. 2006) ........................................................... 6

*Evanston Ins. Co. v. Republic Props., Inc.*,
2018 WL 11350656 (M.D. Fla. Jan. 30, 2018) ........................................... 9

*Grossman v. Dirs. Guild of Am., Inc.*,
2018 WL 11352040 (C.D. Cal. Aug. 16, 2018) ........................................... 9

*Huddleston v. Bowling Green Inn of Pensacola*,
333 F.R.D. 581 (N.D. Fla. 2019) ........................................................... 6

*Peters v. United States (In Re Steffen)*,
433 B.R. 879 (M.D. Fla. 2010) ............................................................. 11

*Inmuno Vital, Inc. v. Telemundo Grp., Inc.*,
203 F.R.D. 561 (S.D. Fla. 2001) .................................................. 10, 12, 13

*Karakis v. Foreva Jens Inc.*,
2009 WL 113456 (S.D. Fla. Jan. 19, 2009) ............................................... 8

*Larosiere v. Rutledge*,
2025 WL 3549525 (M.D. Fla. Nov. 20, 2025) ............................................. 9

*Mainsail Parent, LLC v. Jewell*,
2024 WL 6964672 (S.D. Fla. Dec. 3, 2024) .............................................. 12

*Marquadt v. Ocean Reef Cmty. Ass'n*,
2021 WL 9599449 (S.D. Fla. Apr. 8, 2021) .............................................. 11

*Meisch v. Fifth Transoceanic Shipping Co.*,
1994 WL 582960 (S.D.N.Y. Oct. 21, 1994) ............................................... 7

*Progressive Cas. Ins. Co. v. FDIC*,
2014 WL 12787793 (D.D.C. Jan. 9, 2014) ................................................ 7

*S. Filter Media, LLC v. Halter*,
2014 WL 715727 (M.D. La. Feb. 21, 2014) ……………………………………………... 7, 8

*Stockwell v. Hamilton*,
2018 WL 10279116 (E.D. Mich. May 3, 2018) ……………………………………….. 7

*Tyler v. Pac. Indem. Co.*,
2013 WL 183931 (E.D. Mich. Jan. 17, 2013) ………………………………………... 10

*United States v. $2,164,341 in U.S. Currency*,
2013 WL 321768 (D. Ariz. Jan. 28, 2013) …………………………………………… 10

**Statutes and Rules**

Local Rule 7026-1…………………………………………………………………... 3, 6, 11

Fed. R. Civ. P. 26 ………………………………………………………………………. 6, 7

Fed. R. Civ. P. 37 …………………………………………………………………… 3, 10, 11

Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC (the "Jefferies Entities"), by and through their undersigned counsel, respectfully submit this memorandum of law (i) in opposition to George Allen Weiss's ("Weiss") Motion for a Protective Order to Adjourn Depositions of Himself and Ms. Rachel Flax ("Flax") (Dkt. No. 63, the "Motion"), and (ii) in support of their cross-motion for sanctions against Weiss.

## PRELIMINARY STATEMENT

1. This Motion is nothing more than an improper effort by Weiss to extend these bankruptcy proceedings so that he might further delay paying the more than $100 million that multiple courts, including the United States Court of Appeals for the Second Circuit, have held that he owes to the Jefferies Entities under a personal guarantee that he executed on February 12, 2024.

2. Weiss's own documents confirm that he is an ultrawealthy individual who, as of February 12, 2024, owned more than $320 million of artwork, $44.5 million of real estate, and $20 million of cash. It is also uncontested that Weiss signed his personal guarantee in exchange for the Jefferies Entities agreeing to forbear from taking litigation action that would have destroyed the companies that made him such a wealthy man. And it is further uncontested that Weiss specifically represented, in writing that he was receiving reasonably equivalent value in exchange for his guarantee.

3. Nevertheless, in this action, Weiss asserts (in conclusory terms) that his execution of the guarantee rendered him insolvent, and that—contrary to his express representations otherwise—he did not receive reasonably equivalent value in exchange for the same. (Compl. ¶¶ 52–53).

4. Weiss has had nearly fourteen months to identify any evidence that might support these allegations. Unsurprisingly, he has failed to do so. Yet rather than acknowledge that his claims are baseless, Weiss has instead invented a series of meaningless discovery disputes in an effort to further delay the resolution of this case.

5. Weiss first did so when he filed a meritless motion to compel, demanding that the Jefferies Entities produce their internal documents regarding their subjective assessments of the value that Weiss received in exchange for his guarantee. However, as the Jefferies Entities pointed out, the law is clear that such subjective information is entirely irrelevant (if it even exists at all). That motion is fully briefed and remains pending.

6. Then, in an effort to further delay the adjudication of the claims he brought, Weiss asked the Court to further extend the discovery schedule. That motion also remains pending.

7. And now, Weiss has filed the instant Motion, in which he asks that the Court enter a protective order that would preclude the Jefferies Entities from deposing him and his assistant, Flax, until the Jefferies Entities produce irrelevant internal documents of which he has absolutely no knowledge.

8. The Jefferies Entities repeatedly, for three weeks, asked Weiss to provide dates of availability for a deposition. He refused. The Jefferies Entities then unilaterally set a date and offered to change it if Weiss provided an alternative date. Again, he refused.

9. The Motion is frivolous. The law is clear that in order to obtain a protective order, Weiss must establish "good cause." The Motion makes two half-hearted attempts to satisfy that standard, neither of which succeeds.

10. *First*, Weiss argues that his deposition should be delayed until the Jefferies Entities produce documents that are the subject of a separate motion to compel. That argument, however, ignores the voluminous case law holding that the failure to complete document production does not constitute "good cause" to prevent a deposition.

11. *Second*, Weiss argues that Flax lacks relevant information. That new position contradicts Weiss's own pleadings and statements to this Court, since Weiss previously identified Flax as a witness with knowledge of his financial condition, assets, liabilities, and business relationship with the Jefferies Entities, and described her as someone who "does everything for Mr. Weiss." (Dkt. No. 133 at 4:23–5:1, *In re Weiss*, No. 1:25-bk-16349 (Bankr. S.D. Fla. June 4, 2025)). He cannot now pretend she lacks knowledge relevant to this action.

12. Weiss should also be sanctioned for filing the Motion. Fact discovery is scheduled to close today. However, the hearing for this Motion will not take place until September 24, 2026. And, local rule provides that Weiss need not appear for his deposition while this Motion is pending. Thus, Weiss has refused to appear for a properly noticed deposition within the discovery deadlines that this Court has set and willfully flouted this Court's scheduling order. That is entirely improper. Accordingly, the Jefferies Entities respectfully cross-move, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (d)(1)(A), for an order imposing sanctions on Weiss by precluding him from introducing his own testimony or Flax's testimony in support of his claims in this action.

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

13. Weiss filed this action on July 23, 2025. (Dkt. No. 1). He seeks to avoid his personal guarantee to the Jefferies Entities of over $100 million—executed as part of a February

12, 2024 Forbearance Agreement—as a constructive fraudulent transfer on the ground that he was insolvent (or made insolvent) at the time of the Forbearance Agreement. (*Id.* ¶ 53). The Jefferies Entities deny Weiss's insolvency and contend the Forbearance Agreement was a valid, arm's-length transaction supported by reasonably equivalent value.

14. On January 26, 2026, this Court entered an Order Setting Filing and Disclosure Requirements for Pretrial and Trial (Dkt. No. 27). That schedule required that fact discovery be completed on July 26, 2026. (Dkt. No. 27 § 9). On July 2, 2026, Weiss filed a motion seeking to extend the discovery schedule such that fact discovery would need to be completed by September 9, 2026. (*See* Dkt. Nos. 34–35). While the Jefferies Entities were "not thrilled with the extension request," they did not object to the motion. (Dkt. No. 408 at 23:22–24:2, *In re Weiss*, No. 1:25-bk-16349 (Bankr. S.D. Fla. June 4, 2025)). On July 20, 2026, the Court granted Weiss's motion to extend the discovery schedule. (Dkt. No. 44).

15. On July 23, 2026, counsel for the Jefferies Entities requested available deposition dates for Weiss. (Jones Decl. Ex. 1). Weiss did not respond. On July 28, 2026, the Jefferies Entities reiterated their request for dates, noting that "[i]n the absence of a response, [they would] proceed to prepare and serve notices of deposition setting dates at [their] discretion." (*Id.*). Weiss's counsel did not respond until August 3, 2026, when they finally stated that they would "get back to [the Jefferies Entities] regarding available dates in the next day or so." (*Id.*). They never did.

16. On August 10, 2026, having waited three weeks without receiving a single proposed date, the Jefferies Entities noticed Weiss's deposition for August 25, 2026 and Flax's for September 2, 2026. Weiss did not respond for a week. Then, on August 17, 2026, Weiss's

counsel declared the dates "do not work" and threatened a motion for protective order—yet still proposed no alternatives. (Jones Decl. Ex. 2). The Jefferies Entities responded within ten minutes, requesting a "proposal for alternative dates for either witness." (*Id.*). Silence followed again. (*Id.*). The next day, the Jefferies Entities followed up:

> We would prefer to avoid motion practice over an issue as simple as setting dates for two undisputably relevant depositions. We are also willing to meet and confer with you about a more convenient option. However, if you are not willing to provide us with alternatives, then we will insist on moving forward with the currently noticed dates.

(*Id.*). On August 18, 2026, Weiss's counsel acknowledged the need for dates and stated they would "provide alternative dates for their depositions as soon as possible and anticipate having a response in the next few days." (*Id.*). However, they never did so. (*Id.*). Instead, Weiss's counsel wrote back—not with dates—but with a demand that the Jefferies Entities "take the depo dates off the calendar" as a precondition to proposing alternatives. (*Id.*). The Jefferies Entities declined, reiterating that the "most prudent thing to do is to figure out when your clients will be available in the current discovery timeline, give us some options, and then we will productively work out an alternative day for the depositions." (*Id.*). They noted that a full week remained before the deposition and warned that absent proposed dates, they would "insist on moving forward." (*Id.*).

17. In response, Weiss's counsel abandoned their pretense of cooperation. They made clear that their objective was never to reschedule—it was to push depositions past the discovery deadline entirely. Specifically, counsel stated:

> As you know, we've moved to compel production from Defendants because their production is woefully deficient. Our view in this case, as in most cases, is that depositions should

> proceed after document discovery is completed. Our recently filed motion for continuance would provide ample time for the parties to complete document discovery and depositions in an orderly fashion.
>
> We again ask that Defendants agree to take the currently scheduled depositions off the calendar to allow the parties to agree upon the dates of these two depositions that make sense in the context and calendar of the case.

(*Id.*). Weiss's counsel did not propose a single date for either deposition within the current discovery schedule. (*See id.*).

18. On August 21, 2026, the Jefferies Entities emailed Weiss's counsel to ask "who [would] attend [Weiss's] deposition . . . , so that [they could] ensure [counsel's] office ha[d] the appropriate space(s) reserved." (Jones Decl. Ex. 3). Rather than respond to that straightforward logistical inquiry, Weiss filed this Motion, triggering an automatic stay of his deposition under Local Rule 7026-1(b)(2). His counsel then immediately invoked the benefits of the stay, thereby cancelling the previously scheduled deposition. (*Id.*).

## ARGUMENT

### I. Weiss Has Not Demonstrated Good Cause Warranting Entry of a Protective Order

19. To obtain his requested protective order, Weiss must demonstrate "good cause." Fed. R. Civ. P. 26(c)(1); *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 584 (N.D. Fla. 2019) ("A party seeking a protective order bears the burden of establishing good cause."). That requires Weiss to show "specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). "[S]tereotyped and conclusory statements supporting the need for a protective order" are insufficient. *Est. of Manship v. United States*, 240 F.R.D. 700, 702 (N.D. Ga. 2006) (internal quotation marks omitted).

20. The Motion makes just two arguments as to why there is "good cause." Neither has merit.

**A. There Is No Good Cause to Delay Weiss's Deposition**

21. While somewhat unclear, Weiss appears to make two arguments in support of his application for a protective order.

22. *First,* Weiss argues that his deposition should be delayed until his motion to compel the Jefferies Entities' production of their internal documents has been resolved. (Motion ¶¶ 11–14). However, court after court has held that, as a matter of law, the simple prospect that additional documents may be produced later in the case does not constitute good cause to delay a deposition. For example, in *S. Filter Media, LLC v. Halter*, 2014 WL 715727, at *3 (M.D. La. Feb. 21, 2014), a plaintiff argued that depositions should not proceed until the defendant either provided adequate responses to outstanding written discovery requests or the court ruled on the plaintiff's pending motion to compel. The Court rejected that position, noting that document discovery need not be completed before a party could pursue depositions. *Id. See also Stockwell v. Hamilton*, 2018 WL 10279116, at *2 (E.D. Mich. May 3, 2018) ("Plaintiffs need not delay their deposition of Orecchio simply because Hamilton would prefer to exchange written discovery first."); *Cornelius v. Eberstein & Witherite, LLP*, 2014 WL 4661977, at *4–5 (N.D. Tex. Sept. 19, 2014) (compelling deposition of "central or material fact witness" because nothing "prevents a deposition from being conducted before Plaintiffs respond to Defendants' discovery requests"); *Progressive Cas. Ins. Co. v. FDIC*, 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (compelling deposition "before documents have been produced" because a party is not "required to conduct its discovery in the manner that its adversary sees fit"); *Meisch v.*

*Fifth Transoceanic Shipping Co.*, 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994) (granting motion to compel deposition and criticizing "plaintiff counsel's unjustified insistence on receipt of certain discovery materials before he would allow the plaintiff to be deposed"). *See also* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").

23. Rather than confront any of this voluminous authority, Weiss confusingly claims that he requires additional documents to prepare for his deposition. But that assertion is entirely unsupportable. The documents at issue are the Jefferies Entities' own internal communications—emails and memoranda reflecting their internal deliberations regarding the Forbearance Agreement. Weiss was not a participant in those communications. *He has never seen them*. His deposition will concern his own knowledge, his own assets, his own understanding of the agreement he signed, and his own solvency—none of which depends on a single internal document from the Jefferies Entities. Weiss does not need another party's documents to prepare for a deposition concerning his own knowledge. *See S. Filter Media, LLC*, 2014 WL 715727, at *3 (denying protective order where movant failed to show a "need to review additional information and documents before testifying").

24. Weiss also appears to argue that there is "good cause" to postpone his deposition because the Jefferies Entities "unilaterally set" the date of the deposition. (Motion ¶ 13). But that ignores the record. The Jefferies Entities only set a date after a month-long effort to accommodate Weiss's and his counsel's schedules, and Weiss's month-long refusal to provide them with alternative dates. His cited authority is wholly inapposite. *See Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) ("Plaintiff's counsel set the dates for all these depositions ***without first consulting with Defendants' counsel***." (emphasis

added)); *Chavez v. Arancedo*, 2017 WL 3025841, at *4–5 (S.D. Fla. July 17, 2017) (Plaintiff scheduled deposition for dates "Plaintiff's counsel knows Defendant is unavailable, and Defendant is scheduled not to be in the United States" and did not "reasonably accommodate Defendant's and Defendant's counsel's calendars").

**B. There Is No Good Cause to Delay Flax's Deposition**

25. Weiss also argues that Flax should not be deposed until Weiss's motion to compel is heard, Weiss is deposed, and the Jefferies Entities "show good cause justifying Ms. Flax's deposition." Weiss's sole argument in support of that extraordinary relief is that Flax, as a non-party employee of the Weiss Family Office, lacks relevant knowledge and that her deposition would therefore be unduly burdensome. Weiss's argument fails.

26. Under the Federal Rules, the Jefferies Entities are entitled to discovery on "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Larosiere v. Rutledge*, 2025 WL 3549525, at *1 (M.D. Fla. Nov. 20, 2025). To obtain such information, the Jefferies Entities "may, by oral questions, depose ***any person***, including a party, without leave of court." Fed. R. Civ. P. 30(a)(1) (emphasis added). The noticing party—not the deponent or the deponent's employer—selects whom to depose. *See Grossman v. Dirs. Guild of Am., Inc.*, 2018 WL 11352040, at *5 (C.D. Cal. Aug. 16, 2018) (noting that "plaintiffs are correct that they generally get to select whom they depose").

27. To overcome the Jefferies Entities' entitlement to depose the witnesses they choose, Weiss must establish "good cause," based on "a specific demonstration of facts" and

not "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Larosiere*, 2025 WL 3549525, at *1. Weiss fails to do so.

28. Weiss's Motion rests on Weiss's conclusory assertion that Flax "has no unique knowledge regarding Mr. Weiss' assets or solvency," because "[s]he is not Mr. Weiss' CPA, a financial consultant, or otherwise specially positioned to comment on Mr. Weiss' assets, solvency, or any other fact material to the claims and defenses in this action." (Motion ¶ 16). However, such conclusory statements are insufficient to rise to "good cause." *Evanston Ins. Co. v. Republic Props., Inc.*, 2018 WL 11350656, at *3 (M.D. Fla. Jan. 30, 2018) ("Ciminelli's fears of subjecting Mr. Reckart to irrelevant and harassing questioning are insufficient.").

29. Moreover, all the evidence in the record is counter to Weiss's claims of irrelevance. Weiss's own initial disclosures identify Flax as a person with knowledge of "Debtor's financial condition prior to entering into the Forbearance Agreement; Debtor's assets and liabilities; Debtor's business relationship with Defendants." (Jones Decl. Ex. 4). That is unsurprising, given that "Ms. Flax is (i) an employee of the Weiss Family Office" (Motion ¶ 16), (ii) the "Executive Director" of the Weiss Family Foundation—an entity to which Weiss made a $1.2 million, interest-free loan on the eve of bankruptcy (*see* Weiss Family Foundation, *Contact*, available at https://weissfamilyfoundation.org/contact/ (last visited August 24, 2026)), and (iii) Weiss's personal assistant. Indeed, counsel for Weiss has stated that Flax "does everything for Mr. Weiss," and "has been involved with him for some 20-odd years in all aspects of his professional and personal life." (Dkt. No. 133 at 4:23–5:1, *In re Weiss*, No. 1:25-bk-16349 (Bankr. S.D. Fla. June 4, 2025)).

## II. The Jefferies Entities' Cross-Motion for Sanctions Should Be Granted Because Weiss Filed This Motion to Evade His Deposition Obligation

30. Under Federal Rule of Civil Procedure 37(b)(2)(A), a court may sanction a party who fails to provide discovery by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[1] Courts regularly impose such preclusion where a party refuses to make witnesses available for deposition. *See Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 565 (S.D. Fla. 2001) (striking witness testimony where party engaged in "obstinance" in scheduling deposition); *United States v. $2,164,341 in U.S. Currency*, 2013 WL 321768, at *2–3 (D. Ariz. Jan. 28, 2013) (prohibiting claimant from presenting testimony in any form due to repeated refusals to appear); *Tyler v. Pac. Indem. Co.*, 2013 WL 183931, at *2–3 (E.D. Mich. Jan. 17, 2013) (excluding witness testimony due to "subsequent obstinacy in the face of . . . attempts to reschedule the deposition"). "[S]anctions for failure to appear at a deposition can be ordered in spite of a pending motion for protective order if that motion is found to be . . . for the purpose of avoiding the taking of a deposition." *Peters v. United States (In Re Steffen)*, 433 B.R. 879, 883–84 (M.D. Fla. 2010).

31. That is precisely what occurred here. The Jefferies Entities spent over a month attempting to schedule depositions. Weiss's counsel refused to propose a single date. And after

[1] "A 'previous directive order is not a prerequisite' to the imposition of sanctions under Fed. R. Civ. P. 37(d)." *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 566 (S.D. Fla. 2001) (citation omitted); *see also Craftwood Lumber Co.*, 2013 WL 4598490, at *10 ("Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary. In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." (citation omitted)).

the Jefferies Entities finally set dates unilaterally—as they warned they would—and then offered to set an alternative date if Weiss provided one (but he did not), Weiss filed this Motion on the eve of his deposition, triggering an automatic stay under Local Rule 7026-1(b)(2).

32. The Motion is now scheduled to be heard on September 24, 2026, over two weeks after the close of fact discovery. (Dkt. No. 64). And summary judgment motions will be due just six days later. (Dkt. No. 27). Weiss has thus effectively precluded the Jefferies Entities from deposing him or Flax within the discovery period and flatly disregarded this Court's order. Permitting Weiss to then rely on his own testimony or Flax's testimony at trial or on summary judgment—testimony the Jefferies Entities were denied the opportunity to test—would reward the very conduct Rule 37 is designed to deter.

33. The appropriate remedy for this conduct is not to extend the discovery deadline so that the Jefferies Entities may belatedly depose Weiss and Flax. Such relief would reward the very obstructive tactics that Weiss has employed throughout this litigation—tactics designed to delay these proceedings and defer his obligation to account for the claims he chose to bring. A party who deliberately runs out the clock on discovery cannot be heard to argue that the solution is simply more time. *See, e.g.*, *Marquardt v. Ocean Reef Cmty. Ass'n*, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021) (rejecting motion to extend discovery in order to depose witness where party seeking extension failed to show that "preserving [the witness]'s testimony during the original discovery period was impossible 'despite the diligence of the party seeking the extension'") (citation omitted); *Mainsail Parent, LLC v. Jewell*, 2024 WL 6964672, at *3 (S.D. Fla. Dec. 3, 2024) (whether to grant additional time for discovery "rest[s] squarely on a showing of diligence").

34. Rather, the only sanction adequate to address Weiss's conduct is preclusion of his and Flax's testimony. *See, e.g.*, *Inmuno Vital*, 203 F.R.D. at 565 ("[a] sanction less severe than excluding and striking [the witness's] testimony would not be adequate" where the opposing party was denied access to the witness during discovery). Indeed, Courts have routinely held that less severe sanctions are insufficient in cases like this.

35. For example, in *Inmuno Vital*, 203 F.R.D. at 565, the defendants obstructed the plaintiff's efforts to schedule the deposition of a key witness—refusing proposed dates and ultimately failing to produce the witness before the close of discovery. The court struck the witness's testimony, holding that "[a] sanction less severe than excluding and striking [the witness's] testimony would not be adequate to protect [the opposing party]" because the opposing party's "ability to engage in an effective cross-examination . . . at trial would be unfairly curbed without the advantage of having deposed him beforehand." *Id.* at 565–66. The court further noted that the party who had "belatedly identified [the witness] and rebuffed a number of attempts . . . to schedule an earlier deposition" was "best suited to bear the risk" that the deposition would not occur, and would "not be permitted to glean an unfair advantage . . . by relying on this witness to whom [the opposing party] did not have access during discovery." *Id.* at 566.

36. So too here. Weiss initiated this action, placing his own solvency, his assets, and the circumstances surrounding the Forbearance Agreement squarely at issue. Yet, he has deliberately ensured that the Jefferies Entities cannot test his allegations through cross-examination under oath. As in *Inmuno Vital*, the Jefferies Entities' "ability to engage in an effective cross-examination . . . at trial would be unfairly curbed without the advantage of having

deposed [these witnesses] beforehand," and Weiss—who engineered the circumstances that prevented those depositions—is "best suited to bear the risk" that they did not occur. *Id.* at 565–66.

37. Accordingly, the Court should grant the Jefferies Entities' cross-motion and preclude Weiss from introducing his or Flax's testimony in support of his claims.

## CONCLUSION

38. For the foregoing reasons, the Jefferies Entities respectfully request that the Court: (i) deny the Motion in its entirety; (ii) grant their cross-motion and impose sanctions on Weiss precluding him from using his or Flax's testimony in support of his claims; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: September 9, 2026

Respectfully submitted,

**MELAND BUDWICK, P.A.**

*s/ Joshua W. Dobin*
Joshua W. Dobin, Esquire (Florida Bar No. 93696)
jdobin@melandbudwick.com
Meaghan E. Murphy, Esquire (Florida Bar No. 102770)
mmurphy@melandbudwick.com
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

- and -

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Scott S. Balber
Michael P. Jones
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: Scott.Balber@hskkramer.com
Michael.Jones@hsfkramer.com

*Attorneys for Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served September 9, 2026, via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached Exhibit 1.

By: /s/ *Joshua W. Dobin*
Joshua W. Dobin

**EXHIBIT 1**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Scott S Balber** scott.balber@hsfkramer.com, stephanie.morano@hsfkramer.com;andres.garcia@hsfkramer.com;madison.tyburski@hsfkramer.com;docketingus@kramerlevin.com;docketing@kramerlevin.com
- **Paul J. Battista** pjbattista@venable.com, cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com;imalcolm@ecf.courtdrive.com
- **Joshua W Dobin** jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Adam H Friedman** afriedman@olshanlaw.com
- **Mariaelena Gayo-Guitian** mguitian@venable.com, jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com
- **Eric D Jacobs** edjacobs@venable.com, btraina@venable.com,btraina@ecf.courtdrive.com,tpetrie@venable.com;imalcolm@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com
- **Michael Paul Jones** michael.jones@hsfkramer.com, docketing@kramerlevin.com
- **Meaghan E Murphy** mmurphy@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com;mmurphy@ecf.courtdrive.com
- **Daniel M Stone** dstone@olshanlaw.com