**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>GEORGE ALLEN WEISS,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-16349-RAM |
| GEORGE ALLEN WEISS,<br><br>Plaintiff,<br>vs.<br><br>JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS, LLC,<br><br>Defendants. | Adv. Proc. No. 25-01260-RAM |

**GEORGE ALLEN WEISS'S REPLY IN FURTHER SUPPORT**
**OF HIS MOTION FOR PROTECTIVE ORDER**

George Allen Weiss ("Plaintiff" or "Mr. Weiss"), by his attorneys, Venable LLP and Olshan Frome Wolosky LLP, hereby respectfully submits this reply in further support of his motion for protective order (the "Motion").

**PRELIMINARY STATEMENT**

1. As his Motion made clear, Mr. Weiss welcomes his deposition in this matter but was forced to file the Motion in response to Defendants' asymmetric unwillingness to engage in standard document discovery. Mot. [ECF No. 63] ¶ 11-12. Had Defendants produced the clearly relevant documents at issue in Mr. Weiss's Motion to Compel (the "Motion to Compel"), then there would have been no need for Mr. Weiss to request another continuance or the instant protective

order. Faced with Defendants' incoherent discovery positions, Mr. Weiss seeks the Court's protection to ensure that he is not prejudiced by Defendants' gamesmanship.

2. The protective order Mr. Weiss seeks is limited to postponing his deposition until after the Court rules on the Motion to Compel and, if it is granted, Defendants make the responsive production to ensure that his deposition is conducted with the benefit of the complete factual record. As further explained in the Motion to Compel, Defendants have refused to produce any internal documents or communications regarding the critical forbearance agreement at issue, or the related refinancing that Defendants claim supports their assertion that Mr. Weiss received reasonably equivalent value. As Defendants' Opposition makes clear, their case hinges on the assertion that, in exchange for guaranteeing nearly $100 million of corporate debt, Mr. Weiss received reasonably equivalent value through Defendants' offer of two days of forbearance. Opposition [ECF No. 71] ¶¶ 2-3, 13. The documents Mr. Weiss seeks likely contain contemporaneous descriptions of Defendants' conversations with Mr. Weiss, as well as the status of their negotiations.

3. Mr. Weiss is entitled to these documents in advance of his deposition to avoid unfair surprise. Indeed, written discovery precedes depositions in nearly every litigation, and is how this case would have proceeded absent Defendants' unjustifiable withholding of key documents.

4. In an effort to distract from their intransigence, Defendants instead make a number of unsupported and irrelevant arguments regarding the merits of the case. Opp. ¶¶ 1-4. The truth is that discovery has shown that (a) Defendants gave Mr. Weiss nothing of real value in exchange for his $100 million guaranty of corporate debts; and (b) that $100 million guaranty rendered Mr. Weiss woefully insolvent.

5. Defendants also entirely ignore the well-established law that required them to limit the burden placed on Ms. Flax, a third party. They ignore Mr. Weiss's reasonable accommodation to require Ms. Flax be deposed only *after* Mr. Weiss if her deposition remains necessary. Instead, they take the untenable position that they are entitled to burden Ms. Flax, without limit, simply because she works for Mr. Weiss.

6. For these reasons, and those more fully described below, the Court should enter a protective order scheduling Mr. Weiss's deposition after resolution of the Motion to Compel (and any compelled production) and requiring the parties to discuss the necessity of a deposition of Ms. Flax afterwards.

## ARGUMENT

### I. Mr. Weiss is Entitled to a Protective Order Delaying his Deposition Until Defendants Produce Critical Documents

7. "Federal Rule of Civil Procedure 26(d) grants the Court broad discretion to decide the timing and sequence of discovery." *See Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674, 675 (S.D. Fla. 2012) (granting protective order to sequence discovery in a specific order). Here, Mr. Weiss seeks a limited protective order that sequences discovery in the standard practice: the parties' exchange documents *then* take key depositions. Indeed, this would have been the sequence of this case had Defendants not refused to produce internal documents or documents from more than one custodian in a dispute of over $100,000,000. Defendants' refusal to acknowledge the consequences of their unsupportable discovery positions is no excuse to prejudice Mr. Weiss.

8. Defendants claim that the fact that "additional documents may be produced later in the case does not constitute good cause to delay a deposition." *See* Opp. ¶ 22. Defendants' authorities bear little relevance to this Motion, as the questions posed in discovery disputes are necessarily case specific. *See Maple Street Holdings, LLC v. Arch Spec. Ins. Co.*, 830 F. Supp. 3d

104, 118 (D. Mass. 2026) ("The flexible standard [under Rule 26] requires an individual balancing of the many interests that may be present in a particular case.") (internal quotations and citations omitted).

9. The facts of this case support granting Mr. Weiss's limited protective order. As explained in the Motion to Compel, Mr. Weiss has diligently sought these critical documents for months, with Defendants refusing to make even a cursory production until mid-July. Mot. to Compel at 3-6. Mr. Weiss, by contrast has produced thousands of documents requested by Defendants. *Id.* at 6.

10. The documents Mr. Weiss seeks in his Motion to Compel likely discuss or describe the communications that Defendants' representatives had with Weiss or others at the Weiss Companies regarding the Forbearance Agreement, the potential refinancing, or both. Defendants' choice to unilaterally withhold these documents provides them with a lopsided advantage regarding the records of the parties' communications, which runs counter to the point of discovery. *See In re Hillsborough Holdings Corp.*, 118 B.R. 866, 869 (Bankr. M.D. Fla. 1990) ("The rules of discovery were designed to eliminate trial by ambush and to assure speedy, expeditious resolution of controversies on a level playing field where both sides have access to information which is helpful in a truth-seeking process and helps promote a just and fair resolution of controversies.").[1]

11. These documents also go directly to the value Mr. Weiss allegedly received from executing the Forbearance Agreement, Defendants' key defense. Defendants' outright refusal to

---

[11] The cases cited by Defendants in Paragraph 22 of their Opposition are inapposite. *See Southern Filter Media, LLC v. Halter*, 2014 WL 715727, at *3 (M.D. La. Feb. 21, 2014) (denying protective order to delay deposition where non-movant already made substantial production of relevant documents); *Stockwell v. Hamilton*, 2018 WL 10279116, at *2 (E.D. Mich. May 3, 2018) (party failed to explain the prejudice of proceeding with depositions before document discovery); *Cornelius v. Eberstein & Witherite, LLP*, 2014 WL 4661977, at *4–5 (N.D. Tex. Sept. 19, 2014) (plaintiff failed to explain why he needed documents before deposition); *Progressive Cas. Ins. Co. v. FDIC*, 2014 WL 12787793, at *3 (D.D.C. Jan. 9, 2014) (movant sought protective order because *it*, not the noticing party, had not yet produced documents); *Meisch v. Fifth Transoceanic Shipping Co.*, 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994) (plaintiff failed to demonstrate that the materials were necessary before being deposed).

produce these documents suggest that they likely reveal that Defendants understood that the refinancing would never occur within the two-day forbearance period, if ever, and that they instead intended to use the forbearance agreement to get something from Mr. Weiss for nothing.

12. In sum, Mr. Weiss's proposed deposition scheduling will prevent Defendants from benefiting from their discovery gamesmanship. Good cause exists to delay Mr. Weiss's deposition a few weeks so that his deposition is not tainted by Defendants' unwillingness to engage in document discovery. Moreover, Defendants will suffer no harm from taking the deposition in early October, as the time for pretrial and dispositive motions has already been extended. *See* [ECF No. 69].

## II. Plaintiff is Entitled to a Protective Order Because Defendants Have Unreasonably Burdened Ms. Flax

13. Defendants' Opposition, like their behavior in advance of the deposition, ignores their obligation to take "reasonable steps" to avoid undue burden on Ms. Flax, a third party. Instead, Defendants seek to depose Ms. Flax, Mr. Weiss's assistant, about her knowledge of Mr. Weiss's solvency and assets without taking any steps to limit the burden on Ms. Flax.

14. Defendants claim that Mr. Weiss argued Ms. Flax knows nothing about his personal life. *See* Opp. at ¶¶ 25-30. This strawman argument is incorrect. Rather, Mr. Weiss submits that Ms. Flax has (i) no unique information related to the Forbearance Agreement, and (ii) no unique information related to his assets and solvency, the two issues in this Adversary Proceeding. Mot. ¶ 16. A premature deposition of Ms. Flax presents an undue burden on her because it will yield no new information while increasing costs on the parties and Ms. Flax herself. In an effort to avoid that result, without preventing Defendants from deposing Ms. Flax *if necessary*, Mr. Weiss recommended the reasonable procedure of Mr. Weiss being deposed first before the parties meet

and confer to discuss a potential deposition of Ms. Flax. This approach balances the costs and burden of the deposition against Defendants' supposed need to depose Ms. Flax.

15. Defendants contend that "the notice party – not the deponent or the deponent's employer – selects whom to depose." Opp. ¶ 26 (citing *Grossman v. Dirs Guild of Am., Inc.*, 2018 WL 11352040, at *5 (C.D. Cal. Aug. 16, 2018)). But the movant in *Grossman* sought to prevent the deposition of ***parties to the case***. *See Grossman*, 2018 WL 11352040, at *4 (noting that at issue deponents were "trustee defendants"). *Grossman* did not condone unbounded deposition of any individual a party notices but instead stands for the more limited proposition that "[t]he issue comes down to rationality" before deciding that deposing ***the parties*** in that case was "barely proportional to the needs of the case." *See id.* at *5.

16. In any event, *Grossman* is inapposite because Defendants seek to depose a third party. The law is clear that "[b]ystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *See Talentscale, Inc. v. Aery Aviation, LLC*, 802 F. Supp. 3d 1370, 1379 (N.D. Fla. 2025) (quotations and citations omitted). There is no "good reason" to bring Ms. Flax into this dispute ***before*** deposing Mr. Weiss to determine whether her deposition is necessary, and Defendants' opposition offers none.

## III. Jefferies Is Not Entitled to Sanctions

17. Even if the Court denies Mr. Weiss's motion for a protective order, the Court should not sanction Mr. Weiss by precluding him from offering testimony from himself or Ms. Flax.

18. Defendants seek sanctions under Fed. R. P. 37(b)(2)(A)(ii). But the remedy Defendants seek is extreme. "In fact, exclusion of evidence should be reserved for the most egregious discovery violation, as it can be seen as 'extreme' and 'draconian.'" *See Perrigo Co. v.*

*Merial Ltd.*, 2017 WL 5203054, at *4 (N.D. Ga. Oct. 5, 2017). Defendants have failed to show an entitlement to that "extreme" remedy.

19. Mr. Weiss's motion for a protective order is not an "egregious discovery violation." Indeed, Defendants have suffered no prejudice. There is plenty of time for the parties to complete discovery, as implicitly acknowledged by Defendants' late August issuance of additional requests for production and inspection. Nor did Mr. Weiss bring this motion in bad faith, but instead as a natural result of *Defendants'* refusal to participate in written discovery.

20. Defendants' supposed authority for imposing the extreme sanction of prohibiting the Plaintiff from testifying are entirely inapposite. Defendants assert that "[c]ourts regularly impose such preclusion where a party refuses to make witnesses available for deposition." *See* Opp. at ¶ 30. None of their cited authorities support this position, and none have facts analogous to this case. Defendants have no authority that a party should be precluded from testifying at trial because they moved for a protective order to adjourn their deposition.

21. For example, Defendants cite *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 565 (S.D. Fla. 2001) for the proposition that a witness's testimony was struck for "obstinance" in scheduling a deposition. Yet in that case, the defendants stalled the deposition such that there was "insufficient time before trial to . . . take the live deposition of Hernandez." This was crucial to the Court's finding that "[a] sanction less severe than excluding and striking Hernandez's testimony would not be adequate to protect Plaintiff." Here, there is plenty of time to still depose Mr. Weiss and Ms. Flax. *See* [ECF No. 69]. There is not even a trial date set in this case.

22. Defendants next rely on *United States v. $2,164,341 in U.S. Currency*, 2013 WL 321768, at *2-3 (D. Ariz. Jan. 28, 2013). There, a Mexican national petitioned for return of

currency seized by the federal government but refused to come to the United States for his deposition because he was afraid of arrest, even *after* the Court ordered his attendance. Here, Mr. Weiss has offered dates for his deposition and has offered a reasonable process by which to depose Ms. Flax. There is no factual overlap with Defendants' cited case.

23. Defendants next turn to *Tyler v. Pac. Indem. Co.*, in which the plaintiff failed to appear at his deposition *without* a protective order. 2013 WL 183931, at *2-3 (E.D. Mich. Jan. 17, 2013). When the defendants attempted to reschedule the plaintiff's deposition, he never responded. Only then did the Court grant the defendant's pre-trial motion in limine to exclude the plaintiff's testimony. Mr. Weiss, by contrast, has filed this motion for a protective order and has offered to reschedule the deposition.

24. *Peters v. United States (In re Steffen)* is the same. 433 B.R. 879, 883-84 (M.D. Fla. 2010). There, after a motion to quash was denied, the deponent failed to appear at his deposition. *Id.* Even so, the only sanction the deponent faced was a monetary sanction. *Id*.

25. Defendants then argue because the current fact discovery deadline is closed, no depositions can be permitted, and Mr. Weiss must therefore be sanctioned. *See* Opp. at ¶¶ 33-34. But Defendants ignore that Mr. Weiss timely filed his second continuance motion to extend the fact discovery deadline and is *not* refusing to be deposed. *See* [ECF. No. 61]. In essence, Defendants hope to capitalize on their refusal to participate in written discovery to hamstring Plaintiff's presentation of his case.

26. Defendants argue that a "party who deliberately runs out the clock on discovery cannot be heard to argue that the solution is simply more time." *See* Opp. at ¶ 33. Yet again, Defendants' proposition lacks support. For example, in *Marquardt v. Ocean Reef Cmty. Ass'n*, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021), relied on by Defendants, a party sought to depose

a non-party "[m]ore than a year after the discovery deadline expired[.]" Here, Mr. Weiss timely filed his second continuance motion before the fact discovery period ended to permit an orderly adjudication of his Motion to Compel. Additionally, irrespective of the fact discovery deadline, Mr. Weiss is available to be deposed. Defendants cannot refuse to depose Mr. Weiss and then simultaneously request his testimony be precluded.

27. Instead, Courts that deny motions for protective orders regarding depositions routinely require depositions to be held shortly thereafter. *See, e.g.*, *Hesse v. Royal Caribbean Cruises, Ltd.*, No. 10-23946-CIV, 2011 WL 13223504, at *2 (S.D. Fla. Mar. 1, 2011) (denying motion for protective order and requiring "that the deposition shall occur at a mutually convenient time on or before" a date certain).

28. Even if the Court were to deny the motion for protective order, or find it moot, Jefferies has not been prejudiced and no sanction should issue.

## CONCLUSION

29. For the foregoing reasons, the Court should grant Mr. Weiss's motion for a limited protective order. In no event, however, should the Court sanction Mr. Weiss.

Dated: September 18, 2026.

**VENABLE, LLP**
*Counsel to the Debtor-in-Possession*

By: */s/ Eric D. Jacobs*
Paul J. Battista, Esq.
Florida Bar No. 884162
pjbattista@venable.com
Mariaelena Gayo-Guitian
Florida Bar No. 813818
mguitian@venable.com
801 Brickell Avenue
Suite 1500
Miami, Florida 33131
(305) 349-2300

- and -

Eric D. Jacobs, Esq.
Florida Bar No. 85992
ejacobs@venable.com
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
(813) 439.3100

- and -

**OLSHAN FROME WOLOSKY LLP**
*Special Litigation Counsel to the Debtor-in-Possession*
Brian A. Katz, Esq.
*Pro Hac Vice*
Adam H. Friedman, Esq.
*Pro Hac Vice*
Jonathan T. Koevary
*Pro Hac Vice*
Daniel M. Stone
*Pro Hac Vice*
Dean M. Oswald, Esq.
*Pro Hac Vice*
1325 Avenue of the Americas
New York, NY 10019
Tel.: (212) 451-2216
bkatz@olshanlaw.com
afriedman@olshanlaw.com
jkoevary@olshanlaw.com
dstone@olshanlaw.com
doswald@olshanlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF System on September 18, 2026, thereby serving all registered CM/ECF users in this case.

By: */s/ Eric D. Jacobs*
Eric D. Jacobs