**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>GEORGE ALLEN WEISS,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-16349-RAM |
| GEORGE ALLEN WEISS,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS, LLC,<br><br>Defendants. | Adv. Proc. No. 25-01260-RAM |

**JEFFERIES STRATEGIC INVESTMENTS, LLC AND LEUCADIA ASSET MANAGEMENT HOLDINGS LLC'S OPPOSITION TO GEORGE ALLEN WEISS'S SECOND MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES SET FORTH IN THE ORDER SETTING FILING AND DISCLOSURE REQUIREMENTS FOR PRETRIAL AND TRIAL**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………………………...ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND...........................................2

ARGUMENT ..............................................................................................................3

CONCLUSION............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*600 Cleveland, LLC v. Bank of Am., N.A.*,
2025 WL 2687235 (M.D. Fla. Sept. 19, 2025) ........ 3

*Austin Inv. Fund, LLC v. United States*,
2015 WL 7303514 (D.D.C. Nov. 19, 2015) ........ 4

*Casey v. Guitar Ctr., Inc.*,
2010 WL 11707374 (E.D. La. July 6, 2010) ........ 4

*Citibank, N.A. v. Pietranico*,
2012 WL 12883526 (N.D. Ga. Aug. 17, 2012) ........ 4

*EEOC v. Exel Inc.*,
259 F.R.D. 652 (N.D. Ga. 2008) ........ 4

*Mainsail Parent, LLC v. Jewell*,
2024 WL 6964672 (S.D. Fla. Dec. 3, 2024) ........ 4

*Marquardt v. Ocean Reef Cmty. Ass'n*,
2021 WL 9599449 (S.D. Fla. Apr. 8, 2021) ........ 3

*Musson v. Cook Jones*,
2023 WL 7089941 (S.D. Ga. Oct. 26, 2023) ........ 3

*Sosa v. Airprint Sys., Inc.*,
133 F.3d 1417 (11th Cir. 1998) ........ 3, 5

*Trehel Corp. v. Owners Ins. Co.*,
2013 WL 12061845 (N.D. Ga. Dec. 2 ........ 4

## Rules

Fed. R. Civ. P. 16(b)(4) ........ 3, 5

Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC (the "Jefferies Entities"), by and through their undersigned counsel, respectfully submit this opposition to George Allen Weiss's ("Weiss") Second Motion to Extend Certain Pretrial Deadlines Set Forth in the Order Setting Filing and Disclosure Requirements for Pretrial and Trial (the "Motion" or "Mot.").

## PRELIMINARY STATEMENT

1. This case concerns two fundamental questions: whether Weiss was solvent when he issued a personal guarantee of his corporation's debts to the Jefferies Entities, and whether Weiss received reasonably equivalent value when doing so. Those factual questions can be answered entirely by considering information in Weiss's possession, custody and control.

2. Nonetheless, under the Court's initial Scheduling Order, Weiss was granted six months to conduct whatever fact discovery he thought necessary to pursue this case. (Dkt. No. 27 § 9). Weiss was apparently unable to complete that discovery by the originally set deadline and so, on July 20, 2026, the Court granted Weiss an additional two months to complete discovery. (Dkt. No. 44 § 2).

3. Yet, rather than diligently pursue the discovery that he purportedly requires in that window, Weiss has manufactured disputes to delay progression of this case. Specifically, Weiss first filed a motion to compel seeking irrelevant documents concerning the Jefferies Entities' subjective beliefs about the value he received in exchange for his guarantee. He then refused to make himself, or his representatives, available for depositions during the operative schedule.

4. This Motion, through which Weiss asks to further extend the discovery deadline to October 23, 2026, is part of those delay tactics. However, a scheduling order may not be modified unless the movant demonstrates "good cause" for an extension. Weiss fails to make that showing both because he cannot establish that the existing deadline could not be met despite due diligence, and because his speculation that his motion to compel will be granted does not constitute good cause. The Motion should be denied.

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

5. On January 27, 2026, the Court entered the Scheduling Order, which required that fact discovery be completed by July 26, 2026—affording Weiss six months to conduct discovery. (Dkt. No. 27 § 9). Weiss later sought, and obtained, an extension to the discovery schedule until September 9, 2026. (*See* Dkt. No. 44 § 2). That deadline has since passed.

6. During the discovery period, Weiss served requests for production on March 11, 2026. The Jefferies Entities responded on April 15, 2026. (*See* Dkt. No. 50, Ex. 1). The parties then engaged in extensive meet-and-confer efforts, during which the Jefferies Entities repeatedly informed Weiss that they would not produce irrelevant internal communications reflecting their subjective views regarding the value of the Forbearance Agreement. (*See* Dkt. No. 50, Ex. 2).

7. Nearly three months after the Jefferies Entities made clear that they did not intend to produce these internal documents, on July 10, 2026, Weiss filed the Motion to Compel.

8. Then, more than one month later (on August 18, 2026), Weiss filed the instant Motion, seeking a further extension of the fact discovery deadline to October 23, 2026. (Dkt. No. 61). Weiss's sole stated justification is that the hearing on his Motion to Compel is set for

September 24, 2026—after the current discovery deadline—and that he purportedly cannot take depositions until the Motion to Compel is resolved. (*Id.* at 3–5).

**ARGUMENT**

9. To modify an existing scheduling order, a movant must show "good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification of the scheduling order unless the [current] schedule cannot be met despite the diligence of the party seeking the extension." *600 Cleveland, LLC v. Bank of Am., N.A.*, 2025 WL 2687235, at *3 (M.D. Fla. Sept. 19, 2025) (alteration and internal quotation marks omitted). If the party seeking an extension "was not diligent, the good cause inquiry should end." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (cleaned up).

10. Here, Weiss's sole basis for seeking an extension is his pending Motion to Compel. Weiss speculates that the Court will grant that motion, and additional documents will then be produced, following which the parties will then conduct depositions. (*See* Mot. at 3–5). That showing fails to establish good cause for two independent reasons.

11. *First*, Weiss failed to diligently pursue the very discovery he now claims necessitates an extension. A party seeking to extend a discovery deadline must demonstrate that the deadline "cannot be met despite the diligence of the party seeking the extension." *See Sosa*, 133 F.3d at 1418 (internal quotation marks omitted); *Marquardt v. Ocean Reef Cmty. Ass'n*, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021) (rejecting motion to extend discovery to depose witness where party failed to show that "preserving [the witness]'s testimony during the original discovery period was impossible 'despite the diligence of the party seeking the extension'"); *Musson v. Cook Jones*, 2023 WL 7089941, at *10–11 (S.D. Ga. Oct. 26, 2023)

(finding "lack of diligence" warranted denial of motion to extend deposition deadline). Weiss failed to seek the discovery he now seeks with diligence.

12. Weiss served his First Set of Requests for Production on March 11, 2026. The Jefferies Entities served their Responses and Objections on April 15, 2026. Yet rather than promptly seeking judicial intervention to resolve any disputes, Weiss waited nearly three months—until July 10, 2026, just sixteen days before the original close of fact discovery—to file his Motion to Compel. And despite knowing the Motion to Compel might not be resolved before the discovery deadline, Weiss never sought an expedited hearing. A party who sits on a discovery dispute for months and then invokes the resulting delay as grounds for an extension has not acted with diligence. *See Casey v. Guitar Ctr., Inc.*, 2010 WL 11707374, at *3 (E.D. La. July 6, 2010) (finding party had "sufficient information" to file motion to compel upon receiving opposing party's discovery responses); *EEOC v. Exel Inc.*, 259 F.R.D. 652, 655–56 (N.D. Ga. 2008) (holding that a two-month delay demonstrated a lack of good cause and that a "reasonably diligent plaintiff would have acted with more speed"). Weiss cannot manufacture good cause by delaying the filing of his own motion and then pointing to the predictable consequence of that delay. *See Mainsail Parent, LLC v. Jewell*, 2024 WL 6964672, at *3 (S.D. Fla. Dec. 3, 2024) (whether to grant additional time for discovery "rest[s] squarely on a showing of diligence" and noting that complexity of case was "certainly foreseeable when the Scheduling Order was entered").

13. *Second*, even setting aside Weiss's lack of diligence, his speculation that the Motion to Compel will be granted does not constitute good cause. Courts have routinely held that a pending motion to compel does not, standing alone, justify extending a discovery

schedule. *See Citibank, N.A. v. Pietranico*, 2012 WL 12883526, at *5 (N.D. Ga. Aug. 17, 2012) (declining to extend discovery period while motion to compel was pending), *modified on reconsideration*, 2012 WL 12883830 (N.D. Ga. Nov. 1, 2012); *Austin Inv. Fund, LLC v. United States*, 2015 WL 7303514, at *10 (D.D.C. Nov. 19, 2015) (noting prior order declining to extend discovery and stating the court would "entertain a renewed motion for extension of time only if Plaintiff succeeded, at least in part, on the planned motion to compel"); *Trehel Corp. v. Owners Ins. Co.*, 2013 WL 12061845, at *3 n.8 (N.D. Ga. Dec. 2, 2013) (declining to extend discovery but noting that "[d]epending on the court's ruling on the motion to compel, the court may *sua sponte* extend discovery"). And here, Weiss's speculation is particularly unfounded because the Motion to Compel is unlikely to succeed. As set forth in the Jefferies Entities' opposition (Dkt. No. 49), the Motion to Compel seeks production of irrelevant internal communications reflecting the Jefferies Entities' subjective beliefs about the value of the Forbearance Agreement—documents that have no bearing on the objective "reasonably equivalent value" standard that governs Weiss's constructive fraudulent transfer claim. A party cannot establish good cause to extend a scheduling order based on the anticipated outcome of a meritless discovery motion.

14. Finally, should the Court nonetheless be inclined to grant any extension, the Jefferies Entities respectfully submit that it must be strictly limited in scope. Any extension should permit only the completion of discovery that could not reasonably have been conducted because of the pending Motion to Compel and Weiss's own refusal to make himself or his representatives available for depositions during the operative schedule. Weiss should not be permitted to use an extension as a vehicle to open up new discovery avenues that he failed to

pursue during the eight months already available to him. *See* Fed. R. Civ. P. 16(b)(4); *Sosa*, 133 F.3d at 1418. The good cause standard requires diligence, and Weiss should not be rewarded for his lack of it with a broader discovery period than the one he squandered.

**CONCLUSION**

For the foregoing reasons, the Jefferies Entities respectfully request that the Court deny the Motion in its entirety and hold Weiss to the existing discovery schedule.

Dated: September 22, 2026

Respectfully submitted,

**MELAND BUDWICK, P.A.**

*s/ Joshua W. Dobin*
Joshua W. Dobin, Esquire (Florida Bar No. 93696)
jdobin@melandbudwick.com
Meaghan E. Murphy, Esquire (Florida Bar No. 102770)
mmurphy@melandbudwick.com
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

- and -

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Scott S. Balber
Michael P. Jones
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: Scott.Balber@hskkramer.com
Michael.Jones@hsfkramer.com

*Attorneys for Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served September 22, 2026, via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached Exhibit 1.

By: /s/ *Joshua W. Dobin*
Joshua W. Dobin

**EXHIBIT 1**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Scott S Balber** scott.balber@hsfkramer.com, stephanie.morano@hsfkramer.com;andres.garcia@hsfkramer.com;madison.tyburski@hsfkramer.com;docketingus@kramerlevin.com;docketing@kramerlevin.com
- **Paul J. Battista** pjbattista@venable.com, cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com;imalcolm@ecf.courtdrive.com
- **Joshua W Dobin** jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Adam H Friedman** afriedman@olshanlaw.com
- **Mariaelena Gayo-Guitian** mguitian@venable.com, jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com
- **Eric D Jacobs** edjacobs@venable.com, btraina@venable.com,btraina@ecf.courtdrive.com,tpetrie@venable.com;imalcolm@venable.com;ipmalcolm@venable.com;imalcolm@ecf.courtdrive.com
- **Michael Paul Jones** michael.jones@hsfkramer.com, docketing@kramerlevin.com
- **Meaghan E Murphy** mmurphy@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com;mmurphy@ecf.courtdrive.com
- **Daniel M Stone** dstone@olshanlaw.com